UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RUDOLPH ATKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:25-cv-00706-ACL |
| ) | |
| S.T.G. EASTWOOD, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on self-represented Plaintiff Rudolph Atkins's application to proceed in the district court without prepaying fees or costs. (ECF No. 3). The Court will grant the application. Additionally, the Court will dismiss this action without prejudice for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B). Plaintiff's motion to appoint counsel will be denied as moot. (ECF No. 2).

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed without prepayment of fees if it is frivolous, malicious, or fails to state a claim on which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal

conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016).

## The Complaint

Plaintiff brings this action on a civil rights complaint form under 42 U.S.C. § 1983 alleging constitutional violations arising out of his civil commitment at the Metropolitan St. Louis Psychiatric Center. Plaintiff names as Defendant S.T.G. Eastwood, and lists "Sheriff Department" as the Defendant's employer.

As background, Plaintiff has a criminal case pending in St. Louis County Circuit Court, *State v. Atkins*, No. 19SL-CR07175-01 (St. Louis County).[1] On October 24, 2023, the state court entered an order finding Plaintiff lacked mental fitness to proceed, suspended the criminal proceedings, and committed Plaintiff to the custody of the Director of the Department of Mental Health for care and treatment. The Court extended this order on April 30, 2024, and again on October 24, 2024. On June 10, 2025, Defendant was found to be permanently incompetent to proceed, and the Department of Mental Health indicated they were going to pursue guardianship over Plaintiff.

In his complaint, Plaintiff states, "Clayton County St Louis Sheirff (sic) Dept. didn't remove Rudolph Atkins until 6 months ago Mr. Atkins was confined or kiddnapp (sic) for 4 year against the incompeitent (sic) to proceed order document." (ECF No. 1 at 4). For relief, he seeks $150,000. (*Id*. at 5). Plaintiff provides no information about the Defendant and does not describe any action taken by Defendant in the complaint.

---

[1] Plaintiff's underlying state court case was reviewed on Case.net, Missouri's online case management system. The Court takes judicial notice of these public records. *See Levy v. Ohl,* 477 F.3d 988, 991 (8th Cir. 2007).

**Discussion**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 685 (1978). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff has not made any allegations specifically against Defendant Eastwood in his Complaint. Rather, he alleges only that the St. Louis County Sheriff's Department transferred him to the custody of the Missouri Department of Mental Health approximately six months ago, pursuant to a state court order. Liability in a 42 U.S.C. § 1983 case is personal. *See Frederick v. Motsinger*, 873 F.3d 641, 646 (8th Cir. 2017). In other words, "[g]overnment officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). Plaintiff has not alleged that Defendant Eastwood personally violated his rights. As such, he has not established a § 1983 claim against Eastwood. Nor has Plaintiff alleged a §1983 action against the St. Louis County Sheriff's Office. Departments or subdivisions of local governments are "not juridical entities suable as such" under § 1983. *See Ketchum v. City of West Memphis, Ark.,* 974 F.2d 81, 82 (8th Cir. 1992). Therefore, Plaintiff's claims are subject to dismissal. *See* 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's application to proceed in district court without prepayment of fees and costs **GRANTED**. (ECF No. 3)

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel is **DENIED as moot.**  (ECF No. 2)

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 29th day of July, 2025.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE